AF Approval ___NA___                          Chief Approval ___CAB___

SEP 29 2023 PM3:49
FILED - USDC - FLMD - ORL

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

UNITED STATES OF AMERICA

     v.                                    CASE NO. 6:22-cr-80-WWB-EJK

BRETT D. STONER

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, and the defendant, Bret Stoner, and the attorney for the defendant, David Haas, Esq., mutually agree as follows:

### A.    Particularized Terms

    1.    Count Pleading To

The defendant shall enter a plea of guilty to Count One of the superseding Information, which charges the defendant with Enticement of a Minor, in violation of 18 U.S.C. § 2422(b).

    2.    Minimum and Maximum Penalties

Count One is punishable by a mandatory minimum term of imprisonment of 10 years up to life, a fine of not more than $250,000, a term of supervised release of not less than 5 years and up to life, and a special assessment of $100 per felony count. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with

Defendant's Initials _BDS_

other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

3.    Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are as follows:

| First: | The defendant knowingly persuaded, induced, enticed, or coerced an individual to engage in sexual activity, as charged; |
|---|---|
| Second: | The defendant used the Internet to do so; |
| Third: | When the defendant did these acts, the individual was less than 18 years old; and |
| Fourth: | One or more of the individuals engaging in the sexual activity could have been charged with a criminal offense under federal law, specifically, the production of child pornography, in violation of 18 U.S.C. § 2251(a). |

Defendant's Initials _BDS_                2

4.    <u>Indictment Waiver</u>

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

5.    <u>Counts Dismissed</u>

At the time of sentencing, the counts against the defendant in the original Indictment will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

6.    <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement.

7.    <u>Mandatory Restitution to Victims of Offense of Conviction</u>

Pursuant to 18 U.S.C. § 2259, defendant agrees to make restitution to known victims of the offense for the full amount of the victims' losses as determined by the Court. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

8.    <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States

Defendant's Initials _GDS_                     3

has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

9. <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and if no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of

Defendant's Initials _B̶D̶S̶_                4

Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

10.    Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily all assets and property, or portions thereof, subject to forfeiture, pursuant to18 U.S.C. § 2428, whether in the possession or control of the United States, the defendant or defendant's nominees.

The assets to be forfeited specifically include, but are not limited to, the following: one i-Phone 13 Max Pro; one HP Pavilion desktop computer; one Custom desktop computer with two hard drives; and one HP Elite-book laptop computer, which were seized from the defendant on May 19, 2022, and which were used to facilitate the conduct charged in Count One of the superseding information.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action.  The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

Defendant's Initials _BDS_                    5

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.  Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.  The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.  The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing.  In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other

Defendant's Initials  _β ꝱ ꟗ_                    6

documents necessary to effectuate such transfers.  To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement.  If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above.  The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government.  The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Defendant's Initials  _B D S_                    7

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.  The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

11.   Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's

Defendant's Initials _B VS_                    8

school.  Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student.  The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**B.**  **Standard Terms and Conditions**

1.  Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to,

Defendant's Initials __BDS__                9

garnishment and execution, pursuant to the Mandatory Victims Restitution Act, to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a cashier's check, certified check, or money order to the Clerk of the Court in the amount of $100.00 payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing. The defendant understands that this agreement imposes no limitation as to fine.

     2.    <u>Supervised Release</u>

         The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

     3.    <u>Immigration Consequences of Pleading Guilty</u>

         The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

     4.    <u>Sentencing Information</u>

         The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the

background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

     5.    <u>Financial Disclosures</u>

       Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition.  The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party.  The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years.  The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial

affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

      6.   <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not

Defendant's Initials _B D S_           12

such decision is consistent with the government's recommendations contained herein.

      7.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

      The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

      8.    <u>Middle District of Florida Agreement</u>

      It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if

Defendant's Initials _B̲b̲S̲_                  14

defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

      11.   <u>Factual Basis</u>

      Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

      12.   <u>Entire Agreement</u>

      This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.    <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _28th_ day of September 2023.

ROGER B. HANDBERG
United States Attorney

Brett D. Stoner
Defendant

_for_ Ranganath Manthripragada
Assistant United States Attorney

David Haas, Esq.
Attorney for Defendant

Chauncey A. Bratt
Assistant United States Attorney
Deputy Chief, Orlando Division

Defendant's Initials _BDS_                16

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

     v.                             CASE NO. 6:22-cr-80-WWB-EJK

BRETT D. STONER

<u>PERSONALIZATION OF ELEMENTS</u>

1.      Between July 1, 2020, and February 27, 2021, did you knowingly persuade, induce, entice, or coerce M.H. to engage in sexual activity, that is the production of child pornography, as charged?

2.      Did you use the Internet to do so?

3.      At the time of these communications did you believe that M.H. was less than 18 years old?

4.      Could one or more of the individuals engaging in the sexual activity have been charged with a criminal offense under federal law, specifically, the production of child pornography, in violation of 18 U.S.C. § 2251(a)?

Defendant's Initials _BDS_           17

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                               CASE NO. 6:22-cr-80-WWB-EJK

BRETT D.  STONER

FACTUAL BASIS

On February 27, 2021, M.H.'s mother went on her daughter's home computer and noticed that M.H. had not signed out of her email account. The mother scrolled through the emails in the account when she saw one email that had the subject line of "DILF". The mother opened the email and saw that the sender of the message was asking her daughter to get back online, accompanied by the statement, "please let me back in."

The mother then went to M.H.'s iPhone and found several messages in the Discord application in which her daughter had sent nude photographs of herself. Some of the photographs were of her daughter's exposed breasts and vagina. She also observed graphic messages that had been exchanged between her daughter's Discord username, "tha_shorty" ("tha_shorty#7180"), and the discord address "brettfromflorida#3555".  The mother saw that "brettfromflorida#3555" had also sent several nude photographs and videos to her daughter. The photos and videos depicted a middle-aged white male,

completely nude, either holding his penis, and/or masturbating. M.H.'s mother then contacted the local police in their home state of Illinois.

Investigators established that the Discord username "brettfromflorida#3555" was in fact the defendant's Discord username. The photograph associated with defendant's account was of a naked white male, with his penis exposed, but the face covered. A review of the messages established that M.H. and defendant Stoner began their communications from at least July 2020, and continued till approximately February 2021.

Their first contact was on the social media application "Omegle." Defendant Stoner then sent M.H. a text through Omegle with his Discord username, asking her to add him on that platform. In those initial exchanges, the two did discuss their ages, with the victim saying that she was 14. M.H was actually 12, but puffed up her age to 14 so she would appear to be more mature. Defendant Stoner told M.H. that he was 46.

Over the course of their exchanges, Defendant Stoner sent naked photographs of himself posing as different statues. Defendant Stoner then asked the victim if she could send a nude photograph of herself, which she did. The first photograph that she sent showed her exposed breasts and vagina, but did not show her face. Shortly thereafter, they both began to exchange sexually explicit photographs and videos taken in various places in and around their respective homes. Defendant Stoner sent photographs and videos of himself in the shower, in his bathroom, swimming nude in his pool, and lying on his bed masturbating.

Defendant's Initials _BDS_    19

In one of the conversations, Stoner asked the victim to dress up in a skirt, wear no underwear and take a picture of her vagina, which she did.

Some of the dozens of chats between defendant Stoner and M.H. include the following:

On July 23, 2020:

> Stoner:     "Where are you from?"
>
> Victim:      "Illinois hbu"
>
> Stoner:     "Oh cool. I've heard of that"
>
> Stoner:     "I'm in Florida"

On July 23, 2020:

> Victim:      "How old are you?"
>
> Stoner:     "I'm 46"
>
> Stoner:     "You?"
>
> Victim:      "I'm 14 lmao"
>
> Stoner:     "Oh, lol. You're young. Or I'm old"
>
> Victim:      "No I'm young"

On July 24, 2020:

Stoner: "I wanna be there with you. I wanna look down and see you laying naked under me with your legs spread as I keep touching you and kissing you. Would you send me a pic like that? *blush*"

Victim: (*DESCRIPTION OF PHOTO SENT: A nude black female with her legs spread with exposed breasts and vagina. M.H.'s face is not visible.)

Defendant's Initials _BDS_                    20

Stoner: "Omg. I want to touch you so much right now. I want to kiss your chest as I push my finger inside you."

<u>On July 26, 2020</u>:

Stoner:        "Maybe you should send me a pic like that sometime. I'd love to see you in a skirt with no underwear under it and you with your legs spread or the skirt lifted up so you're flashing me. *blush*"

Victim:        "Ok I will"

<u>On August 3, 2020</u>:

Stoner:        "Sometime you should send me a pic of you in a skirt with no panties under it and your legs spread apart. Or your skirt pulled up. *blush*"

Victim:        "Ok I'll send it tomorrow"

Victim:        "I can't today"

Stoner:        "Hehe, if you really wanted to torture me you could send it tomorrow while I'm working"

Victim:        "Ok"

<u>On August 4, 2020</u>:

Victim:        (*DESCRIPTION OF PHOTO SENT: An upskirt and close-up photo of the child's vagina. M.H.  is wearing a jean skirt.)

Stoner:        "Omg. Are you trying to drive me crazy? Because it's definitely working"

Defendant's Initials  *BPS*                    21

On August 5, 2020:

M.H. sent a photograph to Defendant Stoner: (*DESCRIPTION OF PHOTO SENT: A close-up photo of M.H.'s vagina.)

Stoner:        "Omg. I wanna touch you there right now. I want you to feel my fingers on your body and feel my lips against yours"

On August 21, 2020:

Victim:        (*DESCRIPTION OF ATTACHED VIDEO: A sexually explicit video, approximately 9 seconds in length, of M.H. rubbing her vagina in a sexually explicit manner; she is wearing a jean skirt.)

Stoner:        "I can't stop watching that. I keep imagining seeing you sitting across from me and starting to do that when no one else is looking."

Defendant Stoner also sent the victim several videos and photos of himself in the nude in which his face is exposed. In several of the videos, defendant Stoner is totally nude, touching his penis and/or masturbating. Many of the videos, which include audio, have defendant Stoner speaking to the camera. In one video, sent on August 15, 2020, which is approximately 31 seconds in length, defendant Stoner appears to be laying naked in his bed; turning to the camera he says M.H.'s first name aloud and asks if he is pronouncing it correctly.

Between July 26, 2020, and August 7, 2020, defendant Stoner sent M.H. a total of three videos of himself swimming in the nude at his home located in Deltona, FL. This is confirmed by the analysis of the video metadata which pinpoints the coordinates of the location where all three videos were created.

Defendant's Initials  _BDS_                    22